**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

LYNDSAY ANN MCKEEVER,

     Plaintiff,

v.                              Case No.

DAVID MORGAN, in his official
capacity as SHERIFF of ESCAMBIA
COUNTY, FLORIDA, KRISTI BERRY,
in her individual capacity, FRANK
FORTE, in his individual capacity, and
COREY SMITH, in his individual capacity,

     Defendants.

_____/

## COMPLAINT

     Plaintiff, LYNDSAY ANN MCKEEVER (hereinafter "MCKEEVER"), by and through undersigned counsel, sues Defendants, DAVID MORGAN, in his official capacity as SHERIFF of ESCAMBIA COUNTY, FLORIDA (hereinafter SHERIFF"), KRISTI BERRY, in her individual capacity (hereinafter "BERRY"), FRANK FORTE, in his individual capacity (hereinafter "FORTE"), and COREY SMITH, in his individual capacity (hereinafter "SMITH"), and alleges as follows:

     1.    This is an action for damages and attorney's fees arising under 42 U.S.C. §§ 1983 and 1988 and for damages under Florida common law.

1

2. This action makes issue and alleges a violation of the United States Constitution, including, but not limited to, a violation of the Fourth and Fourteenth Amendments which makes unlawful the unnecessary and excessive use of force against persons during their arrest and makes unlawful the illegal detention of persons.

3. This Honorable Court has original jurisdiction over this action and the parties named herein, pursuant to 42 U.S.C. §§ 1983 and 1988; the U.S. Constitution; the provisions in 28 U.S.C. § 1331 and 1343, et. seq.; and the ancillary jurisdiction of this Court pursuant to 29 U.S.C. § 1367 for all state law claims.

4. Venue is posited in United States District Court, Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. §1391 and N.D. Fla. Loc. R.3.2(a)(1); and by virtue of the status of each party as more fully described below.

5. The acts, omissions, and practices described hereafter all occurred within the jurisdiction of the United States District Court in and for the Northern District of Florida.

6. Plaintiff, MCKEEVER, seeks an award of compensatory damages, costs and expenses, and reasonable attorney's fees, pursuant to 42 U.S.C. §

1983, more specifically described below.  Fee entitlement is alleged pursuant to 42 U.S.C. § 1988.

7.    At all times material hereto, the acts, omissions, practices, and other conduct of each Defendant were under color of state or local law.

8.    At all times material hereto, the acts and omissions of Defendants BERRY, FORTE, and SMITH were committed within the course and scope of their employment as employees of Defendant SHERIFF.

9.    At all times material hereto, the acts and omissions of Defendants BERRY, FORTE, and SMITH were committed within the course and scope of their employment for Defendant SHERIFF.

## **PARTIES**

10.    At all times material hereto, Plaintiff, MCKEEVER, was an adult resident of Burke, Fairfax County, Virginia.

11.    At all times material herein, Defendant, SHERIFF, was and is a "person" subject to suit under 42 U.S.C. § 1983.  He is sued solely in his official capacity.

12.    At all times material hereto, Defendant, BERRY, was a sheriff's deputy appointed by Defendant, SHERIFF, acting within the course and scope of said employment.  She is sued in his individual capacity.

3

13. At all times material hereto, Defendant, FORTE, was a sheriff's lieutenant appointed by Defendant, SHERIFF, acting within the course and scope of said employment. He is sued in his individual capacity.

14. At all times material hereto, Defendant, SMITH, was a sheriff's deputy appointed by Defendant, SHERIFF, acting within the course and scope of said employment. He is sued in his individual capacity.

15. At all times material hereto, Defendant, SHERIFF, through his agents and employees, was responsible for the proper and efficient enforcement of laws, regulations, policies, practices, and procedures of such political entity, the laws and regulations of the State of Florida, and the Constitution of the United States.

16. Plaintiff, MCKEEVER has retained the services of the undersigned attorney and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

### FACTS APPLICABLE TO ALL COUNTS

17. On or about May 22, 2015, MCKEEVER was arrested by employees and/or agents of SHERIFF.

18. Prior to her arrest, MCKEEVER was lawfully riding her pedicab on Pensacola Beach. The only occupants of the pedicab were MCKEEVER and her dog.

4

19.    FORTE approached MCKEEVER and ordered her to exit the pedicab. MCKEEVER lawfully refused to exit the pedicab, as she was not violating any laws.

20.    BERRY arrived on scene and she, too, order MCKEEVER to exit the pedicab.  Again, MCKEEVER was not violating any laws and she had the lawful right to refuse to exit the pedicab.

21.    MCKEEVER refused BERRY'S unlawful command to exit the pedicab.

22.    After MCKEEVER's lawful refusals to exit the pedicab, FORTE and BERRY attempted to forcefully, violently, and unlawfully remove MCKEEVER from the pedicab while MCKEEVER was holding her small dog.

23.    MCKEEVER continued to resist the illegal attempts to force her from her pedicab, so BERRY deployed her taser, striking MCKEEVER with one probe.

24.    SMITH arrived on scene and assisted FORTE and BERRY in making an illegal arrest of MCKEEVER.

25.    During this illegal arrest, MCKEEVER was forcefully dragged, tasered, and laid upon by BERRY, handcuffed, placed in the back of a patrol car, and taken to jail where she was held until bond was posted by her father.

26.   Both her dog and pedicab were taken for safe keeping by a woman who kindly stepped in to assist MCKEEVER.

27.   Bond was set at $2,500 for each of two counts and MCKEEVER was held illegally for several hours until her father posted her bond.   At approximately 9:30 p.m., MCKEEVER was released from the jail and put out on the street in a bikini and flimsy swimsuit cover up.   No one at the jail confirmed whether she had transportation from the jail back to Pensacola Beach at this late hour.

28.   As a result of her illegal arrest, MCKEEVER suffered physical injuries, including, but not limited to, scrapes, bruises, and a strike with a taser probe.   Because BERRY improperly assumed that the taser probe had already been removed, it remained in MCKEEVER'S abdomen until she was booked into the jail.

29.   For several days after the incident, MCKEEVER had difficulty breathing, as her chest was extremely sore from her being crushed to the ground by BERRY, FORTE, and/or SMITH.

30.   MCKEEVER has also suffered from extreme anxiety, depression, and other forms of emotional distress as a result of being brutally attacked by those that she believed were meant to protect citizens such as her.

31. On June 19, 2015, less than one month after her arrest, the Office of the State Attorney dismissed all charges against MCKEEVER, Battery on a Law Enforcement Officer and Resisting an Officer with Violence. As support for its dismissal, the State cited "Insufficient Evidence to Prove Guilt Beyond a Reasonable Doubt."

32. BERRY'S employment file includes multiple complaints for use of excessive force and unprofessional behavior while working in the Pensacola Beach territory. If these complaints had been properly investigated and BERRY properly reprimanded, retrained, supervised, and/or terminated, this event could have been avoided.

33. FORTE'S employment file also had a prior complaint, from March 2011, that put SHERIFF on notice of his need for further training and/or supervision.

**COUNT I**
**CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**
**INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – BERRY**

34. Plaintiff realleges paragraphs 1 through 33 above as if set for fully herein.

35. At all times material to this Complaint, BERRY had a legal duty to conduct a lawful encounter with MCKEEVER, and MCKEEVER had the absolute right to refuse BERRY'S unlawful commands to exit the pedicab,

which was occupied only by MCKEEVER and her small dog at the time of the encounter.

36. BERRY ordered MCKEEVER to exit the pedicab, unlawfully made physical contact with MCKEEVER, tasered MCKEEVER, laid on top of her on the ground, handcuffed her, and unlawfully caused MCKEEVER to be booked into the Escambia County Jail, where she was released only after bond was posted several hours later.

37. The force used by BERRY was grossly excessive and the result of an unlawful arrest.

38. The tasering, dragging, and laying upon were a blatant use of excessive force.

39. By her actions, BERRY deprived MCKEEVER of a clearly established right to be free from force which was excessive under the circumstances, in violation of MCKEEVER'S rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40. As a direct, proximate, and foreseeable result of BERRY'S actions, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses. These injuries and

losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on her civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A.    Judgment for compensatory damages against BERRY;

B.    Judgment for punitive damages against BERRY;

C.    Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with costs and expenses of this civil rights action;

D.    Judgment for pre-judgment interest on all economic losses, including pre-judgment interest on attorney's fees for delay in payment;

E.    A trial by jury on all issues so triable; and

F.    Such other relief as the Court deems just and proper.

**COUNT II**
**CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**
**INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – FORTE**

41.    Plaintiff realleges paragraphs 1 through 33 above as if set for fully herein.

42.    At all times material to this Complaint, FORTE had a legal duty to conduct a lawful encounter with MCKEEVER, and MCKEEVER had the absolute right to refuse FORTE'S unlawful commands to exit the pedicab,

which was occupied only by MCKEEVER and her small dog at the time of the encounter.

43.     FORTE ordered MCKEEVER to exit the pedicab, unlawfully made physical contact with MCKEEVER, laid on top of her on the ground, handcuffed her, and unlawfully caused MCKEEVER to be booked into the Escambia County Jail, where she was released only after bond was posted several hours later.

44.     The force used by FORTE was grossly excessive and the result of an unlawful arrest.

45.     The dragging and laying upon were a blatant use of excessive force.

46.     By his actions, FORTE deprived MCKEEVER of a clearly established right to be free from force which was excessive under the circumstances, in violation of MCKEEVER'S rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47.     As a direct, proximate, and foreseeable result of FORTE'S actions, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses.  These injuries and

losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on her civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A.    Judgment for compensatory damages against FORTE;

B     Judgment for punitive damages against FORTE;

C.    Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with costs and expenses of this civil rights action;

D.        Judgment for pre-judgment interest on all economic losses, including pre-judgment interest on attorney's fees for delay in payment;

E.    A trial by jury on all issues so triable; and

F.    Such other relief as the Court deems just and proper.

### COUNT III
### CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
### INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – SMITH

48.    Plaintiff realleges paragraphs 1 through 33 above as if set for fully herein.

49.    At all times material to this Complaint, SMITH had a legal duty to conduct a lawful encounter with MCKEEVER, and MCKEEVER had the absolute right to refuse SMITH'S unlawful commands to exit the pedicab,

11

which was occupied only by MCKEEVER and her small dog at the time of the encounter.

50. SMITH ordered MCKEEVER to exit the pedicab, unlawfully made physical contact with MCKEEVER, laid on top of her on the ground, handcuffed her, and unlawfully caused MCKEEVER to be booked into the Escambia County Jail, where she was released only after bond was posted several hours later.

51. The force used by SMITH was grossly excessive and the result of an unlawful arrest.

52. The dragging and laying upon were a blatant use of excessive force.

53. By his actions, SMITH deprived MCKEEVER of a clearly established right to be free from force which was excessive under the circumstances, in violation of MCKEEVER'S rights under the Fourth and Fourteenth Amendments of the United States Constitution.

54. As a direct, proximate, and foreseeable result of SMITH'S actions, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses. These injuries and

losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on her civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A.    Judgment for compensatory damages against FORTE;

B    Judgment for punitive damages against FORTE;

C.    Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with costs and expenses of this civil rights action;

D.    Judgment for pre-judgment interest on all economic losses, including pre-judgment interest on attorney's fees for delay in payment;

E.    A trial by jury on all issues so triable; and

F.    Such other relief as the Court deems just and proper.

## COUNT IV
## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
## OFFICIAL CAPACITY EXCESSIVE FORCE CLAIM – SHERIFF

55.    Plaintiff realleges paragraphs 1 through 33 above as if set for fully herein.

56.    At all times material hereto, SHERIFF had a duty to adopt and implement rules and procedures to ensure that his deputies and lieutenants used a reasonable amount and degree of force in the apprehension of suspects and that they did not unlawfully attempt to arrest citizens that have

the absolute right to refuse unlawful contact initiated by deputies and lieutenants in his employ.

57.    SHERIFF's failure to adopt and implement adequate policies regarding his employees' use of force and attempted contact with citizens that have not committed a crime resulted in the blatant use of excessive force by BERRY, FORTE, and SMITH against MCKEEVER as described in paragraphs 1 through 54 above.

58.    At all times material hereto, SEHRIFFF knew, and it was foreseeable, that his employees might encounter citizens that exercised their absolute legal right to refuse the illegal commands of these employees and that these citizens being contacted by his employees might be subjected to illegal contact and excessive force by his employees.

59.    At all times material hereto, SHERIFF knew, and it was foreseeable, that adequate policies for citizens' encounters and use of force were necessary in order to avoid repeated illegal citizens' encounters and use of excessive force by his employees.

60.    At all times material hereto, SHERIFF was aware that the failure to establish customs, policies, and practices relating to the disciplining of deputies who initiated and continued illegal citizens' contacts and who used

14

excessive force as a result of these contacts would result in serious injury to members of the general public.

61.     At all times material hereto, SHERIFF was deliberately indifferent to the known probability that instances of illegal encounters resulting in instances of use of excessive force would occur, such as in the case of MCKEEVER, by failing or refusing to establish a consensual citizen contact policy and a use of force policy which provide for adequate tracking of instances where illegal contacts were made and excessive force was used.

62.     SHERIFF had a policy, practice, or custom of failing to adequately supervise and discipline his employees.

63.     At all times material hereto, SHERIFF knew, and it was foreseeable, that a policy of adequately supervising and auditing citizen contacts and use of force by his employees was necessary in order to avoid repeated unlawful contacts with citizens and repeated use of excessive force by his employees.

64.     At all times material hereto, SHERIFF was aware that the failure to establish policies of adequately supervising and auditing citizen contacts and the uses of force by his employees would result in repeated instances of unlawful contacts and excessive force resulting in serious injury.

65.     At all times material hereto, SHERIFF was deliberately indifferent to the known probability that instances of unlawful citizen contacts and

excessive use of force by his employees would occur, such as in the case of MCKEEVER, by failing or refusing to establish policies of adequately supervising and auditing unlawful citizen contacts and uses of force by his employees.

66.    As a direct, proximate, and foreseeable result of SHERIFF'S policies and practices, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money in the future, and other losses. These injuries and losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

67.    Defendant SHERIFF acted with deliberate indifference in causing the aforesaid constitutional violations by Defendants BERRY, FORTE, and SMITH to occur, as follows:

    A.    Defendant SHERIFF failed to adequately monitor and evaluate the performance of his employees, including Defendants BERRY, FORTE, and SMITH, including their unlawful citizen contact encounters, in deliberate indifference to persons acting lawfully on the streets of Escambia County, including MCKEEVER.

16

B.     Defendant SHERIFF failed to adequately monitor and evaluate the performance of his employees, including Defendants BERRY, FORTE, and SMITH, including their use of force applications, in deliberate indifference to persons acting lawfully on the streets of Escambia County, including MCKEEVER.

C.     Defendant SHERIFF failed to adequately supervise his employees, in deliberate indifference and reckless disregard to persons who came in contact with them, including MCKEEVER.

D.     Defendant SHERIFF had, and has, policies, customs, and practices of allowing his employees, including Defendants BERRY, FORTE, and SMITH, to unlawfully initiate citizen contacts and using excessive and/or unreasonable force without fear of discipline, thereby creating an atmosphere where such behavior is accepted, approved, and ratified, in reckless disregard and deliberate indifference to the health and welfare of persons on the streets of Escambia County, including MCKEEVER.

68.   The aforementioned actions committed by Defendants BERRY, FORTE, and SMITH were proximately caused by the de facto policies, customs, and practices of defendant SHERIFF, the failure to establish proper policies, customs, and practices, his failure to adequately supervise and

17

monitor his employees, and his ratification of his employees' unlawful citizen contacts and use of excessive force, as alleged above.

69.    The aforementioned polices, customs, practices, and omissions or Defendant SHERIFF, as alleged in paragraphs 56 through 67 above, were the underlying cause of MCKEEVER'S injuries and damages.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on her civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A.    Judgment for compensatory damages against SHERIFF;

B     Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with costs and expenses of this civil rights action;

C.    Judgment for pre-judgment interest on all economic losses, including pre-judgment interest on attorney's fees for delay in payment;

D.    A trial by jury on all issues so triable; and

E.    Such other relief as the Court deems just and proper.

## COUNT V
## STATE LAW CLAIM FOR BATTERY – SHERIFF/BERRY

70.    Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

71.    This is a cause of action under the common law of the State of Florida for a civil battery.  Such claims arise from a common nucleus of operative facts with violations of 42 U.S.C. § 1983, as set forth above.

72. The conduct of BERRY was intentional, but was not willful, wanton, or malicious.

73. Plaintiff has complied with all conditions precedent to bringing this action.

74. The conduct of BERRY was committed within the course and scope of her employment as a deputy for SHERIFF.

75. BERRY inflicted a harmful and/or offensive contact upon the person of MCKEEVER when she dragged her from the pedicab, tasered her, and laid on top of her on the ground.

76. SHERIFF is responsible for the battery committed by BERRY upon the person of MCKEEVER, in that the civil battery was intentional, but not malicious, and was committed within the course and scope of BERRY'S employment with SHERIFF such that the doctorine of *respondeat superior* applies to this action.

77. In the alternative to the allegations contained in paragraphs 72 through 76, the conduct of BERRY was intentional, malicious, wanton, and willful, to the detriment of the healthy, safety, and welfare of MCKEEVER.

78. As a direct and proximate result of the battery alleged above, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the ability to enjoy life,

expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses.  These injuries and losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE Plaintiff prays for judgment for compensatory damages against defendant SHERIFF, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

And WHEREFORE, in the alternative, Plaintiff prays for judgment for compensatory damages against defendant BERRY, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

**COUNT VI**
**STATE LAW CLAIM FOR BATTERY – SHERIFF/FORTE**

79.    Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

80.    This is a cause of action under the common law of the State of Florida for a civil battery.  Such claims arise from a common nucleus of operative facts with violations of 42 U.S.C. § 1983, as set forth above.

81.    The conduct of FORTE was intentional, but was not willful, wanton, or malicious.

82.    Plaintiff has complied with all conditions precedent to bringing this action.

83.    The conduct of FORTE was committed within the course and scope of his employment as a lieutenant for SHERIFF.

84.    FORTE inflicted a harmful and/or offensive contact upon the person of MCKEEVER when he dragged her from the pedicab and laid on top of her on the ground.

85.    SHERIFF is responsible for the battery committed by FORTE upon the person of MCKEEVER, in that the civil battery was intentional, but not malicious, and was committed within the course and scope of FORTE'S employment with SHERIFF such that the doctorine of *respondeat superior* applies to this action.

86.    In the alternative to the allegations contained in paragraphs 81 through 85, the conduct of FORTE was intentional, malicious, wanton, and willful, to the detriment of the healthy, safety, and welfare of MCKEEVER.

87.    As a direct and proximate result of the battery alleged above, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses.  These injuries and

losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE Plaintiff prays for judgment for compensatory damages against defendant SHERIFF, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

And WHEREFORE, in the alternative, Plaintiff prays for judgment for compensatory damages against defendant FORTE, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

## COUNT VII
## STATE LAW CLAIM FOR BATTERY – SHERIFF/SMITH

88.    Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

89.    This is a cause of action under the common law of the State of Florida for a civil battery.  Such claims arise from a common nucleus of operative facts with violations of 42 U.S.C. § 1983, as set forth above.

90.    The conduct of SMITH was intentional, but was not willful, wanton, or malicious.

91.    Plaintiff has complied with all conditions precedent to bringing this action.

22

92.    The conduct of SMITH was committed within the course and scope of his employment as a deputy for SHERIFF.

93.    SMITH inflicted a harmful and/or offensive contact upon the person of MCKEEVER when he dragged her from the pedicab and laid on top of her on the ground.

94.    SHERIFF is responsible for the battery committed by SMITH upon the person of MCKEEVER, in that the civil battery was intentional, but not malicious, and was committed within the course and scope of FORTE'S employment with SHERIFF such that the doctorine of *respondeat superior* applies to this action.

95.    In the alternative to the allegations contained in paragraphs 90 through 94, the conduct of SMITH was intentional, malicious, wanton, and willful, to the detriment of the healthy, safety, and welfare of MCKEEVER.

96.    As a direct and proximate result of the battery alleged above, MCKEEVER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses.  These injuries and losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE Plaintiff prays for judgment for compensatory damages against defendant SHERIFF, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

And WHEREFORE, in the alternative, Plaintiff prays for judgment for compensatory damages against defendant SMITH, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

## COUNT VIII
### NEGLIGENCT SUPERVISION AND
### NEGLIGENT RETENTION – SHERIFF/BERRY

97.   Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

98.   This is a cause of action under the common law of the State of Florida for negligent supervision and negligent retention.  Such claims arise from a common nucleus of operative facts with violations of 42 U.S.C. § 1983, as set forth above.

99.   Plaintiff has complied with all conditions precedent to bring this action.

100. During the course of BERRY'S employment with SHERIFF, SHERIFF became aware, or should have become aware, that BERRY was

unlawfully detaining citizens and using excessive force without provocation during unlawful arrests of a number of suspects.

101.   As such, BERRY was unfit for her position as a Deputy Sheriff.

102.   Despite this information, SHERIFF failed to take corrective action such as conducting a proper investigation, discharging BERRY, or reassigning BERRY so that she would have no contact with citizens.

103.   Had SHERIFF conducted a proper investigation and/or discharged or reassigned BERRY, she would not have come into contact with MCKEEVER on the night of her arrest.

104.   As a direct and proximate result of SHERIFF'S negligent supervision and/or negligent retention of BERRY, as alleged above, MCKEEER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses.  These injuries and losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE, Plaintiff prays for judgment for compensatory damages against Defendant SHERIFF, together with costs of this action, pre-judgment

25

interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

## COUNT IX
## NEGLIGENCT SUPERVISION AND
## NEGLIGENT RETENTION – SHERIFF/FORTE

105. Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

106. This is a cause of action under the common law of the State of Florida for negligent supervision and negligent retention. Such claims arise from a common nucleus of operative facts with violations of 42 U.S.C. § 1983, as set forth above.

107. Plaintiff has complied with all conditions precedent to bring this action.

108. During the course of FORTE'S employment with SHERIFF, SHERIFF became aware, or should have become aware, that FORTE was unlawfully detaining citizens and using excessive force without provocation during unlawful arrests of a number of suspects.

109. As such, FORTE was unfit for his position as a Lieutenant.

110. Despite this information, SHERIFF failed to take corrective action such as conducting a proper investigation, discharging FORTE or reassigning FORTE so that he would have no contact with citizens.

111.   Had SHERIFF conducted a proper investigation and/or discharged or reassigned FORTE, he would not have come into contact with MCKEEVER on the night of her arrest.

112.   As a direct and proximate result of SHERIFF'S negligent supervision and/or negligent retention of FORTE, as alleged above, MCKEEER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to earn money in the future, and other losses.  These injuries and losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE, Plaintiff prays for judgment for compensatory damages against Defendant SHERIFF, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

**COUNT X**
**NEGLIGENCT SUPERVISION AND**
**NEGLIGENT RETENTION – SHERIFF/SMITH**

113.   Plaintiff realleges paragraphs 1 through 33 as if set forth fully herein.

114.   This is a cause of action under the common law of the State of Florida for negligent supervision and negligent retention.  Such claims arise from a

common nucleus of operative facts with violations of 42 U.S.C. § 1983, as set forth above.

115.  Plaintiff has complied with all conditions precedent to bring this action.

116.  During the course of SMITH'S employment with SHERIFF, SHERIFF became aware, or should have become aware, that SMITH was unlawfully detaining citizens and using excessive force without provocation during unlawful arrests of a number of suspects.  As such, SMITH was unfit for his position as a Deputy Sheriff.

117.  Despite this information, SHERIFF failed to take corrective action such as conducting a proper investigation, discharging SMITH or reassigning SMITH so that he would have no contact with citizens.

118.  Had SHERIFF conducted a proper investigation and/or discharged or reassigned SMITH, he would not have come into contact with MCKEEVER on the night of her arrest.

119.  As a direct and proximate result of SHERIFF'S negligent supervision and/or negligent retention of SMITH, as alleged above, MCKEEER has suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of capacity to

earn money in the future, and other losses.   These injuries and losses are permanent and continuing, and MCKEEVER will suffer such losses in the future.

WHEREFORE, Plaintiff prays for judgment for compensatory damages against Defendant SHERIFF, together with costs of this action, pre-judgment interest on all economic losses, a trial by jury on all issues so triable, and such other relief as the Court deems just and proper.

Respectfully Submitted,


*/s/ Michelle L. Hendrix*
Michelle L. Hendrix, Esq.
Fla. Bar No. 0172510
Vernis & Bowling of NW Florida, P.A.
315 South Palafox Street
Pensacola, Florida 32502
Telephone: (850) 433-5461
Facsimile: (850) 432-0166
mhendrix@florida-law.com
Attorney for Plaintiff, Lyndsay McKeever